IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR GABRIEL NUNEZ | § | |
| (TDCJ No. 1505996), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:16-cv-1011-L-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division,[1] | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Petitioner Victor Gabriel Nunez's motion for leave to proceed *in forma pauperis* ("IFP") [Dkt. No. 11].

**Background**

Petitioner has filed a 28 U.S.C. § 2254 application challenging his 2008 Dallas County, Texas conviction for murder of a child under age six, asserting that newly discovered evidence proves that he is innocent. *See* Dkt. No. 1. Because Petitioner

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas Department of Criminal Justice, Correctional Institutions Division, and, as his successor, she is "automatically substituted as a party." FED. R. CIV. P. 25(d).

neither paid the $5.00 statutory filing fee nor moved for leave to proceed IFP, after this case was transferred to the Northern District of Texas, the Court issued an order and notice of deficiency, requiring Petitioner to address this issue by May 16, 2016. *See* Dkt. No. 10. Petitioner has now filed an IFP motion [Dkt. No. 11], to which he has attached a verified inmate trust account certification reflecting that on May 3, 2016, Petitioner's account balance was $6.01, but his six-month average balance was $70.02, and the average monthly deposit into his account over the past six months was $81.67, *see id.* at 4. Thus, as the trust account certification reflects, over the past six months, $490.00 has been deposited into Petitioner's account. *See id.*; *see also id.* at 1 ("My brother deposits $100.00 monthly, in average into my inmate trust fund. ($1,200.00 per year).").

## Legal Standards and Analysis

28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The amount of money available to inmates in their prison trust account or from other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

The filing fee for a habeas case is $5.00. *See* 28 U.S.C. § 1914(a). Although

Petitioner is incarcerated, and although the balance in his account was $6.01 on May 3, 2016, the financial picture he presents – set out above – reflects that he can afford to pay the filing fee without incurring undue financial hardship. *See, e.g.,* N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (this Court routinely grants leave to proceed *in forma pauperis* if "the average six month balance of [an] inmate['s] trust account and other financial resources are less than Fifty Dollars").

## Recommendation

Petitioner's IFP application [Dkt. No. 11] should be denied, and he should be ordered to pay the $5.00 filing fee within 21 days of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 10, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE