IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR GABRIEL NUNEZ (TDCJ No. 1505996), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-1011-L-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE<br>UNITED STATES MAGISTRATE JUDGE**

Petitioner Victor Gabriel Nunez, a Texas inmate, proceeding *pro se*, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons explained below, the Court should deny the application as barred by the applicable statute of limitations.

**Applicable Background**

"Nunez was convicted of capital murder and sentenced to life imprisonment." *Nunez v. State*, No. 05-08-00711-CR, 2009 WL 1677821, at *1 (Tex. App. – Dallas June 17, 2009). This conviction and sentence were affirmed on appeal. *See generally id.* And the Texas Court of Criminal Appeals (the "CCA") denied Nunez's petition for discretionary review. *See Nunez v. State*, No. PD-0971-09 (Tex. Crim. App. Sept. 30, 2009).

Nunez did not seek review from the Supreme Court of the United States. But he

did pursue state-habeas relief, the first state petition being filed no sooner than August 21, 2012. *See* Dkt. No. 19-12 at 18.

The current Section 2254 application – Nunez's first – asserts that newly discovered evidence supports his actual innocence and was filed no sooner than March 7, 2016. *See* Dkt. No. 1.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations

period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Supreme Court of the United States has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).[1]

---

[1] *See also Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary

The Supreme Court also has determined that the AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Nunez's only claim appears to be that he is actually innocent, which itself is not an independent ground for federal habeas corpus relief and therefore should be denied. *See McQuiggin*, 133 S. Ct. at 1931 (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014) (collecting cases); *see also*

---

circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

*Schlup*, 513 U.S. at 314 (distinguishing "procedural" claims of innocence, which are based on a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution").

But, assuming that Nunez is citing actual innocence as a means to get around the applicable statute of limitations, the evidence of innocence presented in the habeas application – medical records from 2006; a 2014 affidavit from Gerardo Nunez, Nunez's brother, recounting conversations between Gerardo and Apolonia Castro in 2006; a June 2007 letter from Nunez to his trial counsel; and a June 2015 investigator's memorandum recounting a conversation with Castro, *see* Dkt. No. 2-1 – are not "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316.

Therefore, the Court first should consider whether statutory tolling applies under the factual-predicate provision of the limitations statute, 28 U.S.C. § 2244(d)(1)(D).

As the Court has noted in the context of the federal analogue to Section 2244(d)(1)(D), "in determining whether [28 U.S.C.] § 2255(f)(4) should be applied, the relevant inquiry should focus on when the factual predicate of a claim could have been discovered, as opposed to the date on which the petitioner has in his possession evidence to support his claim." *Milam v. United States*, No. 3:14-cv-1924-L-BN, 2015 WL 5896025, at *4 (N.D. Tex. July 30, 2015) (citations omitted), *rec. adopted*, 2015 WL

5896121 (N.D. Tex. Oct. 6, 2015); *cf. Wilder v. United States*, Civ. A. No. 10-0997 & Crim. No. 03-72, 2011 WL 3444178, at *7 n.5 (W.D. Pa. Aug. 8, 2011) (observing that, while the term "factual predicate of the claim" is used in place of "facts supporting the claim" in Section 2244(d)(1)(D), the state-habeas analogue to Section 2255(f)(4), courts do "not distinguish between the provisions").

"Congress did not provide a definition of the term 'factual predicate,' as used in § 2244(d)(1)(D)[, but t]hose courts that have given meaning to the term agree that a factual predicate consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); *see also Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims" (citing *McAleese*, 483 F.3d at 214; *Rivas*, 687 F.3d at 535)).

The "vital facts" underlying Nunez's current, habeas-based claims were known to, or could have been discovered by, him well before one year prior to his filing of the current action. For example, Nunez's claim (1) that, at the time of the offense, he was physically unable to commit the murder because of a surgery and (2) that his confession was coerced are claims that were available to him at the time of his trial. And, as to any claims based on conversations between Gerardo and Castro, those occurred in 2006 or 2007 and therefore could have been discovered with due diligence years ago.

Moreover, evidence offered in support of an actual innocence claim – that is, the evidence Nunez has presented in his Section 2254 application – may not also support tolling under Section 2244(d)(1)(D). *See Morales v. McNeil*, No. 09-21335-Civ, 2010 WL 2976552, at *4 (S.D. Fla. June 14, 2010) ("[T]o the extent that any or all of the affidavit testimony is being offered in support of the petitioner's claim that he is entitled to habeas relief on the basis of newly discovered evidence of his innocence, the petitioner would not be entitled to tolling under § 2244(d)(1)(D), because this evidence suggesting his innocence is actually the claim itself, rather than the factual predicate of an independent claim. Because claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation, the petitioner would not be entitled to tolling under § 2244(d)(1)(D)." (collecting cases)), *rec. adopted*, 2010 WL 2976550 (S.D. Fla. July 20, 2010); *accord Cooper v. Stephens*, No. 3:14-cv-4212-M-BN, 2016 WL 2855580, at *3-*4 (N.D. Tex. Apr. 21, 2016), *rec. accepted*, 2016 WL 2824637 (N.D. Tex. May 13, 2016).

Accordingly, the federal petition should be considered – and, for the following reasons, is untimely – under the only other provision of Section 2244(d)(1) plausibly applicable here, Section 2244(d)(1)(A).

Because he did not file a petition for certiorari with the Supreme Court, Nunez's conviction became final for purposes of the AEDPA on December 29, 2009 – 90 days after the CCA refused his petition for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process,

"the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. This habeas application was therefore due no later than December 29, 2010.

And Nunez's seeking state habeas relief well after that date (no sooner than August 21, 2012) – more than 19 months after the AEDPA's limitations period lapsed – did not toll the limitations period. *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))).

Accordingly, Nunez's federal habeas application is untimely by more than 5 years unless equitable tolling applies.

But it does not. Nunez has failed to demonstrate that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 2016 WL 672565, at *4.

## Recommendation

The Court should deny the application for writ of habeas corpus as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 30, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE